210 Ill. 342; *Waschow v. Kelly Coal Co.*, 245 Ill. 516.

As said in *Catlett v. Young, supra*, it was evidently the purpose of the legislature to prevent injuries to persons employed on scaffolds, so that "the slightest degree of negligence might not prove fatal."

A willful violation of the statute is one consciously or knowingly committed. *Catlett v. Young, supra; Mertens v. Southern Coal & Mining Co.*, 235 Ill. 540.

The court's holding as to the law was more favorable to plaintiff in error than was its right, and there is no cause of complaint in that regard.

The contention of plaintiff in error that the verdict of the jury is not supported by the statement of claim is also untenable. No written pleadings are required in fourth class actions in the Municipal Court, such as is this case. It is not necessary that he properly name his right of action. "If upon hearing the evidence he appears to be entitled to recover and the court had jurisdiction of the defendant and of the subject-matter," it is sufficient when the defendant is apprised by the statement of the nature and character of the suit brought. *Edgerton v. Chicago, R. I. & P. Ry. Co.*, 240 Ill. 311.

There is no reversible error in the record and the judgment is affirmed.

*Judgment affirmed.*

---

**Gust Peretes, Defendant in Error, v. John Tompary and Peter Tompary, Plaintiffs in Error.**

**Gen. No. 18,127.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded with directions. Opinion filed October 15, 1913.

## Statement of the Case.

Action by Gust Peretes against John Tompary and Peter Tompary. On denial of a motion by defendants to open up a judgment by confession, such defendants bring error.

CASWELL & HEALY, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 13*—*when mutuality is essential.* A debt due from a copartnership of two or three members sued jointly cannot be offset by a debt due from a plaintiff to one of such firm.

2. JUDGMENTS, § 63*—*when set aside.* Denial of motion to open a judgment by confession, *held* erroneous where an affidavit of defendant disclosed a good defense and the right to set-off.

---

## Emma M. Bell, Appellee, v. Kossuth H. Bell, Appellant.

### Gen. No. 18,443. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 16, 1913.

## Statement of the Case.

Bill by Emma M. Bell against Kossuth H. Bell for divorce. From an order allowing temporary alimony, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.